# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR MANUEL SIERRA-SERRANO,<br><br>Defendant. | Criminal No. 08-028 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Christian S. Wilton, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Edgar Manuel Sierra-Serrano, Reg. No. 07672-041, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555, defendant *pro se*.

Defendant Edgar Manuel Sierra-Serrano brings a motion to vacate, set aside, or correct his criminal sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The United States moves to dismiss Sierra-Serrano's motion on the ground that it is time-barred. The Court will dismiss Sierra-Serrano's motion and grant the United States' motion because Sierra-Serrano's § 2255 motion is untimely.

## BACKGROUND

Sierra-Serrano is a federal prisoner incarcerated at the United States Penitentiary in Pekin, Illinois. On May 12, 2008, Sierra-Serrano pled guilty to one count, Conspiracy to Distribute Methamphetamine, of a six count indictment. As a result, on October 9,

2008, the Court sentenced Sierra-Serrano to 151-months imprisonment. (*See* Docket No. 74.) Sierra-Serrano did not file a direct appeal after his sentence was imposed. Sierra-Serrano claims that he requested his attorney to file a notice of appeal and that his attorney failed to do so.[1] (Petition at 2, Apr. 23, 2012, Docket No. 78.) Sierra-Serrano now moves for relief under § 2255 to vacate, set aside, or correct his sentence, arguing that his attorney's failure to file an appeal constituted ineffective assistance of counsel.

## ANALYSIS

Sierra-Serrano's conviction became final on October 28, 2008,[2] and he had one year from that date to file his § 2255 motion. *See* 28 U.S.C. § 2255(f). Sierra-Serrano did not timely file a § 2255 motion. The doctrine of equitable tolling can extend the one-year period if an "extraordinary circumstance" beyond a prisoner's control makes it impossible to file a petition on time and if the prisoner "demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1093, 1095 (8th Cir. 2005). Sierra-Serrano not only failed to file a § 2255 motion before the end of the one-year deadline, he did not file this motion until more than two years after the deadline had

---

[1] Sierra-Serrano also claims that he "then filed an untimely *pro se* Notice of Appeal" which was dismissed for lack of jurisdiction. (Petition at 2.) No record of either a notice or dismissal exists. On August 18, 2010, Sierra-Serrano did file a *pro se* motion to appoint counsel (Docket No. 76) which this Court denied because, among other reasons, Sierra-Serrano had not shown he has any colorable post-conviction claims. (Order, Oct., 12, 2010, Docket No. 77.)

[2] Sierra-Serrano's criminal judgment was entered on October 10, 2008. (Docket No. 74.) Because he did not file a direct appeal, his conviction became final after the ten-day period for filing a notice of appeal ended on October 27, 2008. Fed. R. App. P. 4(b)(1)(A); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008).

passed – despite filing a different motion in the interim. The Court will, therefore, dismiss Sierra-Serrano's motion as untimely.[3]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Edgar Manuel Sierra-Serrano's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 78] is **DENIED** as untimely.

2. The United States' Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 80] is **GRANTED**.

DATED: June 6, 2012         s/ John R. Tunheim
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge

---

[3] Even if Sierra-Serrano's motion was not time-barred, the Court determines that he is unlikely to prevail on the merits of his claim. Sierra-Serrano claims in his petition that he did not receive effective assistance of counsel because his attorney did not file a notice of appeal when Sierra-Serrano directed him to do so. An attorney's failure to file an appeal after being instructed by his client to do so constitutes ineffective assistance of counsel for the purposes of a § 2255 motion, and a defendant need not show actual prejudice or likelihood of success on appeal to prevail. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). Nevertheless, the petitioner bears the burden of showing that he made his desire to appeal evident to his attorney; a "bare assertion" is not enough to support a grant of relief. *Id.*; *United States v. Flores-Velasquez*, No. 08-4792, 2008 WL 4787648, at *2 (D. Minn. Oct. 30, 2008). Sierra-Serrano offers only a bare assertion that he directed his attorney to file a notice of appeal, and he misrepresents that he had filed a pro se notice of appeal (*see supra* note 1).